AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.

**ALEXANDER MIRANDA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:95CR10099-003**

**David Cicilline**
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **1,15,114-117,122**

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ☐ 846 | Conspiracy to Distribute Heroin | 03/01/1995 | 1 |
| 21 U.S.C. ☐ 846 | Attempt to Distribute Heroin | 08/02/1993 | 15 |
| 21 U.S.C. ☐ 1956 (a)(1)(A))i) | Money Laundering | 07/01/1994 | 114-117 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **12/09/1967**
Defendant's USM No.: **04146-070**
Defendant's Residence Address:
**251 Prospect St.**
**Pawtucket RI 02860**

Defendant's Mailing Address:
**251 Prospect St.**
**Pawtucket RI 02860**

**05/13/1996**
Date of Imposition of Judgment

William G. Young
Signature of Judicial Officer

**William G. Young**
**USDJ**
Name & Title of Judicial Officer

May 14, 1996
Date

I hereby certify on 5/14/96 that the foregoing document is true and correct copy of the ☐ electronic docket in the captioned case ☐ electronically filed original filed on ☐ original filed in my office on
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Deputy Clerk

571

DEFENDANT: **ALEXANDER MIRANDA**

CASE NUMBER: **1:95CR10099-003**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 month(s)** .

**on each of counts 1,15,114-117, the sentnece to run concurrent on each count one with the other**

☒ The court makes the following recommendations to the Bureau of Prisons:

**drug treatment program while in custody**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______ a.m./p.m. on ______ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ______ .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______

______

______

Defendant delivered on ______ to ______

at ______ , with a certified copy of this judgment.

______

UNITED STATES MARSHAL

By ______

Deputy U.S. Marshal

DEFENDANT: ALEXANDER MIRANDA

CASE NUMBER: 1:95CR10099-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 year(s) .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ALEXANDER MIRANDA

CASE NUMBER: 1:95CR10099-003

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ ______________

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ ______________ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☐ The interest requirement is waived.
- ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until __________ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ ______________ | $ ______________ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT: **ALEXANDER MIRANDA**

CASE NUMBER: **1:95CR10099-003**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ ____________ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than __________ ; or

D ☐ in installments to commence ______ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in ______________ *(e.g. equal, weekly, monthly, quarterly)* installments of $ ____________ over a period of ______ year(s) to commence ______ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**No property is known to the United States as of the date of this judgment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: **ALEXANDER MIRANDA**

CASE NUMBER: **1:95CR10099-003**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**A state court conviction was dismissed resulting in the change in Criminal History category to a Level I**

**Guideline Range Determined by the Court:**

Total Offense Level: **34**

Criminal History Category: **I**

Imprisonment Range: **151** to **188** months

Supervised Release Range: **5** to ______ years

Fine Range: $ **17,500.00** to $ **7,000,000.00**

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ______

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

THE COURT: Mr. Alexander Miranda --

MR. MIRANDA: Yes, your Honor.

THE COURT: -- in consideration of the offenses of which you stand convicted, the information from the United States Attorney and your attorney, this Court sentences you on each count of conviction to 151 months in the custody of the United States Attorney General, the sentences on each count to run concurrent one with the other. The Court imposes on you no fine due to your inability to pay a fine, and places you on five years of supervised release once you are released from custody. During that time you are prohibited from possessing a firearm or other dangerous weapon. There is a special assessment imposed upon you of $300 which shall be due immediately.

Mr. Robert Conley, in consideration of the offenses of which you stand convicted, the information from the United States and your attorney and the probation officer, this Court sentences you to 151 months in the custody of the United States Attorney General on each count, the sentence on each count to run concurrent one with the other. The Court imposes a fine on you of $17,500 and a special assessment of $2,050. Thereafter, the Court places you on supervised release for a period of five years. During that time you are prohibited from possessing a firearm or other dangerous weapon. You are to pay the balance of the fine under a payment schedule set by the probation officer, and you are prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officers unless you are in compliance with the payment schedule. You shall pay -- the interest on the fine shall be waived. The special assessment shall be due immediately.

Let me explain these sentences. This is one of the most extensive and pervasive drug conspiracies to have come before this Court. Mr. Conley --

MR. CONLEY: Yes, sir.

THE COURT: -- I appreciate your apology to the families who you affected by your trafficking in drugs. Neither one of you will ever know the harm that you have caused. Neither one of you will ever know the children that you have devastated, the families that you have driven asunder by your trafficking in drugs.

Mr. Miranda, I believe you, I don't think you ever expected to stand here because you thought you could get away with this. You both did. And I will tell you this. Were it not for the careful attention that's been given by the United States Attorney in this case, and his sensitive recommendation at the time of the plea agreement, this Court would be inclined to impose an even more stiff sentence. These sentences are fully appropriate under the law.

Very well, that's the sentence of the Court. We'll recess briefly and -- oh, one thing. Mr. Cicciline asked, and I think it's proper, Mr. Cicciline, and I will so recommend, in this sentence that Mr. Miranda have access to drug treatment facilities while in custody.

MR. BROWN: Your Honor, I would make that recommendation for Mr. Conley.

THE COURT: I will as well, and thank you, Mr. Brown. We'll recess.

MR. BROWN: Thank you.

THE CLERK: All rise.

(Adjournment.)