**<u>COUNT 28</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about February 24, 1994, at Boston, in the District of Massachusetts,

4. PHILLIP EDWARDS

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 29:** **(21 U.S.C. § 841(a)(1) - Distribution Of Heroin; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about March 2, 1994, at Boston, in the District of Massachusetts,

4. PHILLIP EDWARDS
11. LAURISTON EDWARDS
14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"

defendants herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**<u>COUNT 30</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about March 8, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 31: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about March 10, 1994, at Boston, in the District of Massachusetts,

4. PHILLIP EDWARDS
11. LAURISTON EDWARDS

defendants herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**<u>COUNT 32</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about March 14, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 33: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about March 16, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON
17. DONALD CLEVELAND, a/k/a "TROY"

defendants herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**<u>COUNT 34</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about March 29, 1994, at Framingham, in the District of Massachusetts,

14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**<u>COUNT 35</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about April 1, 1994, at Boston, in the District of Massachusetts,

14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 36: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about April 6, 1994, at Boston, in the District of Massachusetts,

14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 37: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about April 13, 1994, at Boston, in the District of Massachusetts,

14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18.

**COUNT 38: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about June 22, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**<u>COUNT 39</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about June 24, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18.

**COUNT 40: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about June 24, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**<u>COUNT 41</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about June 24, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**<u>COUNT 42</u>: (21 U.S.C. § 841(a)(1) - Possession With To Intent To Distribute Heroin)**

The Grand Jury further charges that:

On or about June 24, 1994, at Boston, in the District of Massachusetts,

30. WILLIAM BLAKE

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 43: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about June 28, 1994, at Boston, in the District of Massachusetts,

1. KEITH PINSON
17. DONALD CLEVELAND, a/k/a "TROY"

defendants herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**<u>COUNT 44</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about June 30, 1994, at Boston, in the District of Massachusetts,

17. DONALD CLEVELAND, a/k/a "TROY"
23. SONJI CROWDER

defendants herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**<u>COUNT 45</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about August 4, 1994, at Arlington, in the District of Massachusetts,

30. WILLIAM BLAKE

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**APPLICABILITY OF 21 U.S.C. § 860(a)**

The offense described in the foregoing count occurred within one-thousand (1,000) feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground. Accordingly, 21 U.S.C. § 860(a) applies to this count.

**COUNT 46: (21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Heroin)**

The Grand Jury further charges that:

On or about January 5, 1995, at Woonsocket, in the District of Rhode Island,

5. JOSE SOSA

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally possess with intent to distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**<u>COUNT 47</u>: (21 U.S.C. § 841(a)(1) - Distribution Of Heroin)**

The Grand Jury further charges that:

On or about January 11, 1995, at Boston, in the District of Massachusetts,

24. DAVID PARKER, a/k/a "TROY"

defendant herein, acting in furtherance of the conspiracy charged in Count 1, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNTS 48-67: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about the dates set forth below, at Boston and elsewhere in the District of Massachusetts, at New York City and elsewhere in the Eastern District of New York and the Southern District of New York, at Atlanta and elsewhere in the Northern District of Georgia, at Los Angeles in the Central District of California, and elsewhere,

1. KEITH PINSON

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, namely:

**WIRE TRANSFERS OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 48 | April 14, 1990 | $1,000 |
| 49 | May 18, 1990 | $1,000 |
| 50 | May 18, 1990 | $ 500 |
| 51 | June 13, 1990 | $ 500 |
| 52 | August 3, 1990 | $ 500 |
| 53 | September 18, 1990 | $ 900 |
| 54 | October 2, 1990 | $1,000 |

| | | |
|---|---|---|
| 55 | October 27, 1990 | $1,000 |
| 56 | December 12, 1990 | $ 300 |
| 57 | March 21, 1991 | $1,300 |
| 58 | May 14, 1991 | $ 900 |
| 59 | June 19, 1991 | $1,000 |
| 60 | February 14, 1992 | $1,050 |
| 61 | April 16, 1992 | $ 300 |
| 62 | April 30, 1992 | $ 240 |
| 63 | October 21, 1992 | $ 300 |
| 64 | November 24, 1992 | $ 250 |
| 65 | November 3, 1992 | $ 400 |
| 66 | January 15, 1993 | $ 350 |
| 67 | March 21, 1993 | $ 150 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNTS 68-104:** **(18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about the dates set forth below, at Boston and elsewhere in the District of Massachusetts, at New York City and elsewhere in the Eastern District of New York and the Southern District of New York, at Atlanta and elsewhere in the Northern District of Georgia, at Los Angeles in the District of California, and elsewhere,

2. ROBERT CONLEY

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**WIRE TRANSFERS OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 68 | March 26, 1990 | $1,100 |
| 69 | April 2, 1990 | $ 250 |
| 70 | April 14, 1990 | $1,000 |
| 71 | May 18, 1990 | $1,000 |
| 72 | August 23, 1990 | $ 270 |
| 73 | August 23, 1990 | $ 100 |
| 74 | September 17, 1990 | $ 150 |

| | | |
|---|---|---|
| 75 | September 17, 1990 | $ 150 |
| 76 | September 17, 1990 | $ 580 |
| 77 | September 28, 1990 | $ 300 |
| 78 | January 30, 1991 | $ 250 |
| 79 | February 12, 1991 | $2,500 |
| 80 | February 15, 1991 | $ 250 |
| 81 | February 20, 1991 | $1,300 |
| 82 | March 6, 1991 | $2,000 |
| 83 | May 15, 1991 | $ 210 |
| 84 | May 22, 1991 | $ 950 |
| 85 | May 24, 1991 | $ 350 |
| 86 | July 6, 1991 | $ 700 |
| 87 | July 8, 1991 | $ 500 |
| 88 | July 28, 1991 | $ 240 |
| 89 | September 20, 1991 | $ 500 |
| 90 | May 6, 1992 | $ 120 |
| 91 | July 17, 1992 | $ 100 |
| 92 | September 22, 1992 | $1,000 |
| 93 | December 30, 1992 | $ 100 |
| 94 | March 12, 1993 | $ 200 |
| 95 | May 5, 1993 | $ 300 |
| 96 | May 5, 1993 | $ 300 |
| 97 | May 5, 1993 | $ 250 |
| 98 | May 13, 1993 | $ 870 |
| 99 | June 21, 1993 | $ 300 |
| 100 | August 18, 1993 | $ 200 |

| | | |
|---|---|---|
| 101 | August 21, 1993 | $ 260 |
| 102 | December 3, 1993 | $ 400 |
| 103 | December 22, 1993 | $ 300 |
| 104 | July 1, 1994 | $ 500 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNTS 105-106: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about the dates set forth below, at Brockton and elsewhere in the District of Massachusetts, and elsewhere,

15. ROBERT WALKER, a/k/a "NEW YORK ROB"

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**WIRE TRANSFERS OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 105 | January 15, 1993 | $ 350 |
| 106 | August 18, 1993 | $ 200 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNTS 107-110: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding And Abetting)**

The Grand Jury further charges that:

On or about the dates set forth below, at Weymouth, Boston and elsewhere in the District of Massachusetts, and elsewhere,

11. LAURISTON EDWARDS

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**WIRE TRANSFERS OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 107 | January 17, 1992 | $ 100 |
| 108 | August 30, 1992 | $ 100 |
| 109 | October 21, 1992 | $ 300 |
| 110 | November 24, 1992 | $ 250 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNTS 111-113: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering)**

The Grand Jury further charges that:

On or about the dates set forth below, at Boston and elsewhere in the District of Massachusetts, and elsewhere,

4. PHILLIP EDWARDS

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**WIRE TRANSFERS OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 111 | March 19, 1992 | $ 100 |
| 112 | April 16, 1992 | $ 300 |
| 113 | March 24, 1993 | $ 100 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**<u>COUNTS 114-117</u>: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering)**

The Grand Jury further charges that:

On or about the dates set forth below, at Boston and elsewhere in the District of Massachusetts, at Pawtucket and elsewhere in the District of Rhode Island, and elsewhere,

3. ALEXANDER MIRANDA, a/k/a "A-DOG," a/k/a "ALEX GOMES," a/k/a "ALEXANDER ROSE"

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**<u>WIRE TRANSFERS OF MONEY BY WESTERN UNION</u>**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 114 | September 18, 1991 | $ 300 |
| 115 | April 30, 1992 | $ 240 |
| 116 | November 3, 1992 | $ 400 |
| 117 | July 1, 1994 | $ 500 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNTS 118-120: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering)**

The Grand Jury further charges that:

On or about the dates set forth below, at Boston and elsewhere in the District of Massachusetts, at Pawtucket and elsewhere in the District of Rhode Island, at New York City and elsewhere in the Eastern District of New York and the Southern District of New York, and elsewhere,

5. JOSE SOSA

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**WIRE TRANSFERS OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 118 | September 18, 1991 | $ 300 |
| 119 | September 20, 1992 | $ 500 |
| 120 | September 22, 1992 | $1,000 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNTS 121: (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering)**

The Grand Jury further charges that:

On or about the date set forth below, at Boston and elsewhere in the District of Massachusetts, at Pawtucket and elsewhere in the District of Rhode Island, and elsewhere,

10. DEBORAH SERRET

defendant herein, with the intent to promote the carrying on of specified unlawful activity, to wit, the unlawful distribution of heroin as described in Count 1, and knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct the following financial transactions, which in fact involved the proceeds of specified unlawful activity, namely: possession with intent to distribute heroin and distribution of heroin, to wit:

**WIRE TRANSFER OF MONEY BY WESTERN UNION**

| COUNT | DATE | AMOUNT |
|---|---|---|
| 121 | September 28, 1990 | $ 300 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNT 122: (21 U.S.C. § 853 - Criminal Forfeiture)**

1. Counts 1 through 121 of this Indictment are hereby realleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853(a) and (p).

2. As a result of the offenses alleged in Counts 1 through 121,

1. KEITH PINSON
2. ROBERT CONLEY
3. ALEXANDER MIRANDA, a/k/a "A-DOG," a/k/a "ALEX GOMES," a/k/a "ALEXANDER ROSE"
4. PHILLIP EDWARDS
5. JOSE SOSA
6. COREY WEST
7. TROY WEST
8. EDWARD ELLIOT
9. KENNETH WAY
10. DEBORAH SERRET
11. LAURISTON EDWARDS
12. SANDRA EDWARDS
13. SPOOKY THOMPSON
14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"
15. ROBERT WALKER, a/k/a "NEW YORK ROB"
16. ROSELIO FORTUNATO, a/k/a "ZEKE"
17. DONALD CLEVELAND, a/k/a "TROY"
18. DEVELL RANGE
19. THOMAS MORRIS, a/k/a "BUBBA"
20. DAVID HALL, a/k/a "SMURF"
21. WILLIAM FARRIOR, a/k/a "DOLLAR BILL"
22. TERRANCE WASHINGTON, a/k/a "PIMP DOG"
23. SONJI CROWDER
24. DAVID PARKER, a/k/a "TROY"
25. DINO GOMES
26. JOHN SANTOS
27. RAYMOND MELIA
28. LEAH GOMES
29. STEVEN MELIA
30. WILLIAM BLAKE
31. DANA ROGERS, a/k/a "MOE D"
32. JOHN DOE, a/k/a "GARY JOHNSON"

defendants herein, shall forfeit to the United States any and all

property constituting, and derived from, any proceeds the said defendants obtained, directly and indirectly, as a result of the said violations, for which proceeds the said defendants are jointly and severally liable to the United States.

3. If as a result of any act or omission of the defendants, any of the property described in paragraph two,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the above defendants, up to the value of said forfeitable property described in paragraph two of this Count, pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Sections 841(a)(1), 846 and 853.

**COUNT 123: (21 U.S.C. § 853 - Criminal Forfeiture)**

1. Counts 1 through 121 of this Indictment are hereby repeated and realleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853(a) and (p).

2. As a result of the offenses alleged in Counts 1 through 121,

1. KEITH PINSON

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendant obtained, directly or indirectly, as a result of the said violations, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, including, but not limited to, the following:

(a) The parcel(s) of land with the buildings, appurtenance and improvements thereon located at 205 Scenic View Court, Atlanta, Georgia;

(b) One 1992 Mitsubishi Montero
Vehicle Identification Number JA4GK41S8NJ004714
Georgia Registration No. BBS-802;

(c) One 1990 Honda Accord Ex
Vehicle Identification Number 1HGCB7561LA100878
Georgia Registration No. AYY-416;

(d) Bank South account number 373-338724, and all funds therein; and

(e) Wachovia Bank account number 22-117-858, and all funds therein.

3. If as a result of any act or omission of the defendant, any of the property described in paragraph two,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of KEITH PINSON, up to the value of said forfeitable property described in paragraph two of this Count, pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Sections 841(a)(1), 846 and 853.

**COUNT 124: (21 U.S.C. § 853 - Criminal Forfeiture)**

1. Counts 1 through 121 of this Indictment are hereby realleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853(a) and (p).

2. As a result of the offenses alleged in Counts 1 through 121,

2. ROBERT CONLEY

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendant obtained, directly or indirectly, as a result of the said violations, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, including, but not limited to, the following:

(a) The parcel(s) of land with the buildings, appurtenance and improvements thereon located at 114 Brunswick Street, Dorchester, Massachusetts;

(b) The parcel(s) of land with the buildings, appurtenance and improvements thereon located at 34 Creston Street, Dorchester, Massachusetts;

(c) The parcel(s) of land with the buildings, appurtenance and improvements thereon located at 6495 Emerald Point, College Park, Georgia;

(d) Shawmut Bank account number 6272899133, and all funds therein;

(e) Shawmut Bank account number 0272899133, and all funds therein;

(f) Shawmut Bank account number 4467686140, and all funds therein;

(g) The First National Bank of Boston account number 644-69094, and all funds therein;

(h) State Street Bank and Trust Company account number 8024-455-1, and all funds therein;

(i) Wachovia Bank account number 84-401-226, and all funds therein;

(j) Wachovia Bank account number 01-482-496, and all funds therein; and

(k) One 1986 White Chevrolet Astro Van Vehicle Identification Number 1GCDM15Z5GB116604 Massachusetts Registration Number E61218.

3. If as a result of any act or omission of the defendant, any of the property described in paragraph two,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of ROBERT CONLEY, up to the value of said forfeitable property described in paragraph two of this Count, pursuant to Title 21, United States Code, Section 853(p), including, but not limited to, the following:

The parcel(s) of land with the buildings, appurtenance and improvements thereon located at 19 Vassar Street, Dorchester, Massachusetts.

All pursuant to Title 21, United States Code, Sections 841(a)(1), 846 and 853.

**COUNT 125:** **(21 U.S.C. § 853 - Criminal Forfeiture)**

1. Counts 1 through 121 of this Indictment are hereby realleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853(a) and (p).

2. As a result of the offenses alleged in Counts 1 through 121,

14. PAMELA McCULLOUGH, a/k/a "OLIVE KEIZER"

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendant obtained, directly or indirectly, as a result of the said violations, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, including, but not limited to, the following:

(a) One 1994 white BMW
Vehicle Identification Number WBABF3329REF45281
Massachusetts Registration No. RW10411;

(b) One 1987 red BMW
Vehicle Identification Number WBAAE5406H1696010
Massachusetts Registration No. 175ZWY;

(c) One 1985 blue Subaru
Vehicle Identification Number JF1AC43B0FB231547;
and

(d) One 1993 gray Honda station wagon
Massachusetts Registration No. 173 ZWW.

3. If as a result of any act or omission of the defendant, any of the property described in paragraph two,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of PAMELA McCULLOUGH, a/k/a "OLIVER KEIZER" up to the value of said forfeitable property described in paragraph two of this Count, pursuant to Title 21, United States Code, Section 853(p), including, but not limited to, the following:

One 1995 red Toyota Four Runner
Vehicle Identification No. JT3VN39WXSO182023
Massachusetts Registration No. RW10416

All pursuant to Title 21, United States Code, Sections 841(a)(1), 846 and 853.

**<u>COUNT 126</u>: (21 U.S.C. § 853 - Criminal Forfeiture)**

1. Counts 1 through 121 of this Indictment are hereby realleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853(a) and (p).

2. As a result of the offenses alleged in Counts 1 through 121,

23. SONJI CROWDER

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the said defendant obtained, directly or indirectly, as a result of the said violations, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, including, but not limited to, the following:

One 1989 Nissan Maxima Sedan
Vehicle Identification Number JN1HJ01P6KT273668
Massachusetts Registration No. 593-ETS

3. If as a result of any act or omission of the defendant, any of the property described in paragraph two,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of SONJI CROWDER, up to the value of said forfeitable property described in paragraph two of this Count, pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Sections 841(a)(1), 846 and 853.

**A TRUE BILL**

FOREMAN OF THE GRAND JURY

Thomas C. Frongillo
ASSISTANT UNITED STATES ATTORNEY

DISTRICT OF MASSACHUSETTS: March 23, 1995,

Returned into the District Court by the Grand Jurors and at 1:01 p.m

filed.

DEPUTY CLERK